ROSALIND REALTY COMPANY, Respondent, *v.* WESTERN INSURANCE COMPANY OF PITTSBURGH, Appellant.

First Department, November 9, 1917.

**Insurance — action on fire insurance policy — property destroyed not at locality described in policy.**

Where in an action at law to recover upon a policy of fire insurance for the destruction of property described in the policy as " situate on the south side of Rahway and South Plainfield Road, Rahway, New Jersey," it appears that Rahway is an incorporated city of about 10,000 inhabitants, and that the property insured was not located within the limits of the city but in a farming community, and there is no appeal to the equity powers of the court for the reformation of the contract and no claim of mutual mistake or of mistake upon one side and fraud upon the other, the complaint should be dismissed.

APPEAL by the defendant, Western Insurance Company of Pittsburgh, from an order and determination of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 1st day of February, 1917, affirming a judgment of the City Court in the City of New York, with notice of an intention to bring up for review the original judgment of the City Court, entered in the office of the clerk of said court on the 30th day of June, 1916.

*Arthur C. Mandel*, for the appellant.

*Louis J. Wolff*, for the respondent.

DOWLING, J.:

The plaintiff has recovered herein upon a policy of fire insurance issued by the defendant whereby it insured against fire " to an amount not exceeding $2,000 to the following described property while located and contained as described herein, and not elsewhere, to wit." Then the policy sets forth that the defendant insures to the extent of $1,500 on a certain frame building and all extensions and additions thereto " situate on the south side of Rahway and South Plainfield Road, Rahway, New Jersey; " and further insures

to the extent of $2,000 on a barn and $500 on a stable " on above described premises." The property which was destroyed by fire was valued at $5,000 upon which there was concurrent insurance of $4,000, leaving the amount of defendant's liability $1,000, for which this action is brought.

The complaint herein sets forth the terms of the policy including the description of the premises as before quoted. The only judgment demanded is one for the sum of $1,000 with interest.

Upon the trial it developed that this property was not situated at Rahway, N. J. Rahway is an incorporated city of about 10,000 inhabitants with a municipal government and is located in Union county, N. J. The premises in question were actually located in Potter, Middlesex county, N. J. Potter is a railroad station on the line of the Lehigh Valley railroad. It is not incorporated and has no form of municipal government. It consists of three or four houses in a farming community and is within the township of Raritan. The property insured is actually farm property and the distance from its location to the limits or city line of Rahway is 17,200 feet. Woodbridge township adjoins the city of Rahway and separates it from the township of Raritan. South Plainfield is 9,300 feet from Potter. All these facts appear without dispute, and the sole connection between Potter and Rahway is to be found in the fact that Potter is on a rural free delivery route, whereby mail is delivered to its inhabitants from the post office at Rahway. It was further established that the defendant does not insure farm property and that had it known that this property was not in Rahway, as represented, but outside the city limits (which it never did know until after the fire) it would not have accepted the risk. Although there was no dispute as to the facts and it was conceded that this property was not situate in Rahway as represented but at a considerable distance from the limits thereof, and in a farming community instead of in a city, the learned trial court submitted to the jury the question of whether the property that was burned was sufficiently and appropriately described in the policy. He said: " As I say, the fact is undisputed that the property was located on the south side of the Rahway and South Plainfield road, in Middlesex county,

New Jersey. If you find that the property was described in these policies as being actually located physically within the City of Rahway, then your verdict will be for the defendant because in that event the property described in the policies would not be the property that was burned. If you find that the property was not described as being in Rahway — that is, if you find the description here in the light of all the evidence in the case upon that subject that the property was not described in these contracts of insurance as being in Rahway, and if you find the property destroyed was in fact the property covered by these policies, then you will have the right to return a verdict for the plaintiff in each case for one-half of the loss actually sustained as the proximate result of the fire." In view of the fact that the property was described in the policy as being in Rahway, N. J., as concededly it was not, this charge called for the direction of a verdict in favor of the defendant, or if the law as thus laid down had been earlier applied, to the dismissal of the plaintiff's complaint. This action is one at law to recover upon a policy of insurance, the essential portion of which is set forth at length in the complaint. There was no appeal to the equity powers of the court for the reformation of the contract of insurance. There is no claim of a mutual mistake, or of a mistake upon one side and fraud upon the other. Plaintiff seeks to recover at law upon the contract in its present form. This it cannot do, as the property which was covered by the policy was incorrectly described therein and the property which was destroyed was never at the locality described in the policy.

It follows, therefore, that the determination of the Appellate Term must be reversed, with costs, and the judgment and order of the City Court will also be reversed, with costs, and judgment entered in favor of the defendant dismissing the complaint of the plaintiff herein, with costs.

CLARKE, P. J., SCOTT, SMITH and PAGE, JJ., concurred.

Determination and judgment reversed, with costs in this court and in the Appellate Term, and judgment directed dismissing the complaint, with costs.